UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                    Case No. 8:04-CR-2-T-27TGW

**WISSAM TAYSIR HAMMOUD**

_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for Early Release Based on 18 U.S.C. 3582(C)(1)(A)(i) of the First Step Act (Dkt. 264).[1] His motion seeks compassionate release. The motion is DENIED.

Defendant bears the burden of establishing that compassionate release is warranted. *United States v. Hamilton*, 715 F.3d 328, 327 (11th Cir. 2013). Under the First Step Act, he must exhaust available remedies in the Bureau of Prisons by requesting compassionate release from the warden.[2] Defendant makes no showing that he has exhausted administrative remedies. On that basis alone the motion is due to be denied. Moreover, it is due to be denied on the merits.

The First Step Act amended 18 U.S.C. § 3582 by providing that the court may modify a sentence upon finding that "extraordinary and compelling reasons" warrant the reduction of sentence.

---

[1] In addition, Defendant filed two supplements to his motion. (Dkts. 272, 274).

[2] Under Section 603(b) of the First Step Act, Defendant is authorized to seek compassionate release in court after he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A)(i). The court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; . . .." The Sentencing Guidelines clarify that "extraordinary and compelling reasons" include where a defendant is "suffering from a serious physical or medical condition...that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n1 (A)(ii). The Guidelines also allow for compassionate release based on a defendant's age, family circumstances, or other extraordinary or compelling circumstances. U.S.S.G. § 1B1.13, cmt. n.1 (B)-(D).

      Defendant stands convicted of retaliating against a witness, solicitation to commit murder, use of a firearm during a crime of violence and possession of a firearm by a convicted felon and is serving a 300 month sentence (Dkt. 125). He does not contend that he has been diagnosed with a terminal illness or that he is suffering from a serious and advanced illness with an end of life trajectory. While he suffers from mental health issues, those same mental health issues were summarized in his Presentence Investigation Report (Dkt. 254, ¶¶ 66-86). In sum, Defendant presents no evidence that his medical or mental health conditions substantially diminish his ability to provide self care in prison.

After considering the factors in section 3553(a) to the extent applicable, the court finds no extraordinary and compelling reasons warranting a reduction in sentence. Moreover, a reduction in sentence would be inconsistent with policy statements of the Sentencing Commission found in U.S.S.G. 1B1.13, issued pursuant to the Commission's statutory obligation to "promulgate ... general policy statements regarding ... the appropriate use of ... the sentence modification provisions set forth in sectio[n] ... 3582(c) of title 18 ...."[3]

**DONE AND ORDERED** this 6th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[3] The policy statement identifies five categories of extraordinary and compelling reasons. The first requires a terminal illness, the second a serious condition, impairment or deterioration that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," the third that the defendant be at least 65 years old and satisfy certain other requirements, the fourth the death or incapacity of someone in one of a few specified relationships to the defendant, and the fifth a determination by the Bureau of Prisons that some other extraordinary and compelling reason exists. U.S.S.G. 1B1.13 application note 1.